UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Allstate Insurance Company, Allstate Property and Casualty Company, and Allstate Indemnity Company | Civ. No. 17-223 (PAM/BRT) |
| Plaintiffs, | |
| v. | **AMENDED MEMORANDUM AND ORDER** |
| Huy Ngoc Nguyen, D.C.; Healthcare Chiropractic Clinic, Inc.; Northwest MRI Center, Inc.; and Accident Recovery Chiropractic, P.A.; | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion for Treble Damages, Attorney's Fees, Prejudgment Interest, and Postjudgment Interest. (Docket No. 214.) Defendants concede that treble damages are mandatory under 18 U.S.C. § 1964(c), and that postjudgment interest is required by statute, 28 U.S.C. § 1961(a), but oppose Plaintiffs' request for attorney's fees and prejudgment interest. For the following reasons, Plaintiffs' Motion is granted.

**A.     Prejudgment Interest**

Plaintiffs move under Rule 59(e) to amend the judgment to include prejudgment interest on the trebled damages. See Fed. R. Civ. P. 59(e). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quotation omitted). A motion under Rule 59(e) "cannot be used to introduce new

evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) grants district courts broad discretion to award prejudgment interest. Motions for prejudgment interest are properly brought under Rule 59(e) because "prejudgment interest is an element of plaintiff's complete compensation." Osterneck v. Ernst & Whinney, 489 U.S. 169, 175 (1989).

Interest is mandated on any civil money judgment, 28 U.S.C. § 1961, and "generally prejudgment interest should be awarded, absent exceptional circumstances." United States ex rel. Bernard v. Casino Magic Corp., 384 F.3d 510, 516 (8th Cir. 2004). "The purpose of awarding prejudgment interest is to compensate the prevailing party for its true money damages, to encourage settlements, and to deter parties from benefitting from unfairly delaying litigation." Id.

Defendants' one-sentence argument in opposition to awarding prejudgment interest is unpersuasive, and presents no exceptional circumstance for the Court to deny Plaintiffs' request. Therefore, in order to make Plaintiffs whole, the Court will award prejudgment interest.

**B.     Attorney's Fees and Costs**

Plaintiffs' counsel moves under Rule 54(d) for attorney's fees, which are mandated in civil-racketeering cases if the fees sought are reasonable. 18 U.S.C. § 1964(c). To determine whether a requested award of attorney's fees is reasonable, the Court uses the lodestar method. Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002). Courts

consider several factors under the lodestar method to determine the reasonableness of a fee, such as the time and labor required, the experience of the attorney, the skill required to perform the legal service properly, and the nature and length of the relationship with the client. Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983).

Plaintiffs' counsel provides sufficient documentation supporting the number of hours worked and amount of costs claimed. (See Docket No. 216.) Considering the complexity involved in determining the nature and extent of the fraud scheme in this case and the excellent results Plaintiffs' counsel obtained, the number of hours they claim to have worked is warranted. Likewise, the hourly rate sought is reasonable.

Defendants tacitly acknowledge that an award of some amount of attorney's fees is appropriate, but oppose the number of hours Plaintiffs claim to have worked on this case. Given Defendants' obstructive conduct in this matter, their objection is not well taken. Moreover, Defendants cite no authority supporting their request to curtail Plaintiffs' requested attorney's fees by 75 percent. The Court finds that awarding attorney's fees is appropriate and that the amount Plaintiffs seek is justified.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion (Docket No. 214) is **GRANTED** and the Judgment (Docket No. 213) is **AMENDED** as follows;

2. Plaintiffs' damages of $832,950 shall be trebled to the amount of $2,498,850 under 18 U.S.C. § 1964;

3. Plaintiffs shall be awarded prejudgment interest from January 25, 2017, to January 5, 2022, at the appropriate rate under 28 U.S.C. § 1961(a);

4. Plaintiffs shall be awarded postjudgment interest from January 5, 2022, to such time that Defendants have paid the full award at the appropriate rate under 28 U.S.C. § 1961(a); and

5. Plaintiffs are entitled to attorney's fees of $337,405.96.

Dated:  Wednesday, March 9, 2022

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge